Good morning, Your Honors, and may it please the Court. David Menninger for Faour Fraihat in his habeas appeal challenging legal and constitutional errors in the I.J. immigration judge's denial of release on bond. And I do intend to reserve four minutes for rebuttal. I understand that's on me. We'll try to help you, but keep your eye on the clock, please. Thank you, Your Honor. The evidence submitted by the Department of Homeland Security in the June 27 bond proceeding did not amount to clear and convincing evidence of dangerousness, and that is particularly so in light of the clear factual errors that the immigration judge made regarding his 2013 conviction. Counsel, I wrestled with this case, and I look at the 2001 convictions, which were very serious, and the 2013 convictions, which were very serious, it's clear that the judge did misstate some of the details of what he was convicted of. But he wound up with, I don't know what you'd call it, a residual clause where he's talked about overall his involvement in drugs and drug dealing and drug trafficking and the like. And there is evidence, both by way of confession and conviction, that he committed these things. Why is that not clear and convincing evidence of a danger to the community? Well, Your Honor, I would respectfully disagree with one point of what Your Honor said, and that was regarding the severity of the 2013 conviction. The 2013 conviction was not a trafficking conviction, and it was also, and I think this is really significant, the sentence that was pronounced by the Superior Court in that case was largely a probationary sentence. And Mr. Fryhat successfully completed that term of probation, and that probation included terms relating to drug testing and drug classes. I respect that. I guess what I'm struggling with is, according to my notes, he pleaded guilty to manufacturing of meth, possession of controlled substances for sale, and maintaining a place for the unlawful sale of a controlled substance. He was sentenced to six years and eight months in prison in 2001. Now, I know that's back a little bit, but the reality is that's part of his record. The judge misstated the 2013 conviction. But, he said in conclusion, the court finds at a minimum, the respondent has been using methamphetamine for an extended period of time while committing collateral crimes such as theft, forgery, and battery, which of course go back a ways. Isn't that enough, or alternatively, aren't you asking us to weigh the evidence in lieu of what the IJ did? So Your Honor, I don't believe that's enough, because again, even, well, speaking to the IJ, I find it that he has been using methamphetamine. Of course, the IJ goes on to say the very next sentence. I find it highly likely that he has engaged in trafficking based on his convictions. In other words, that his 2013 conviction was proof of trafficking. Well, we're talking about a trial judge. Trial judges have a lot of discretion. They look at people. They look at their demeanor. They draw from the overall record. Are they not entitled to make a determination overall? I admit it, there has to be something. But this record is replete with convictions and pleas to serious, serious drug trafficking offenses, right? Well, I don't dispute that the 2001 convictions were serious, Your Honor. But we are talking about the 2013 conviction, the only conviction in over a decade. And I was going to, and the statement that he has been continuing to use methamphetamine, there was no basis in the record to say that, because, of course, he had been on probation for nearly two years in a probation that included drug testing and drug treatment. At the time of the hearing- Let's say that's absolutely correct. And say we agree with you, that the judge, he just got that wrong. But you got, just for example, he got X number of things on the table that he could have considered. Some of it he got right, some of it he got wrong. Are you saying that if he got any of it wrong, that we throw the whole thing out, review it de novo, say that it's not clear and convincing evidence? Or, on the contrary, are you saying we want the Court of Appeals to weigh the evidence, to re-weigh the evidence, and when you look at it, you're going to see that this judge just got it wrong. Which is it? Well, Your Honor, I think that what this Court has said in Singh is that a court has jurisdiction to review whether the evidence, in fact, amounted to clear and convincing evidence of dangerousness. That's a way to go, isn't it? Well, in Singh, there is a, I mean, that's what Singh said, Your Honor. Singh said that the court has jurisdiction to review the application of the law to the facts. And what the court did in Singh was it looked at whether the evidence, in fact, amounted to clear and convincing evidence of dangerousness. But if we weigh it, do we have jurisdiction to do it? Yes, because that's considered a legal error under the parameters established by Singh, Your Honor. What about 1226E? Doesn't that say, basically, it's kind of like a discretionary argument. If it's the discretion, and we're re-weighing it, we have no jurisdiction. Isn't that correct? 1226E, I would agree that it does pertain to discretionary judgments, but whether the discretionary standard, that is a constitutional standard. That's what the court said in Singh. And it's a legal standard that the government concedes applies here. I thought that what we said in Singh is, like, what the standard is, is a constitutional question. And so the fact that it's clear and convincing evidence rather than a preponderance or something else is dictated by Singh. But I didn't understand in Singh to have said that we get to look at the discretionary judgment of whether the standard is met under the particular facts of a particular case. So, in Singh, there was an error. The IJ did say the wrong standard, but then, of course, the court did review the evidence submitted and determine whether it, in fact, amounted to clear and convincing evidence. And, Your Honor, Singh also makes clear that the application of law to facts is a legal determination and that 1226E does not bar a habeas court from that. And that was correct, Your Honor, because otherwise, if an IJ simply recited the clear and convincing standard, a habeas court would be powerless to do anything. And that, I mean, that's not the law. So then what does 1226E apply to? So 1226E applies to a discretionary judgment. And that is what this court said in Singh. And the court in Singh was relying on the Supreme Court's reading of that statute in Damore. What Damore said was 1226E does not, it has two sentences. The first explicitly refers to discretionary determinations. And the court in Damore read that, those two sentences together. And also in light of the rule, because of suspension clause issues, that a particularly clear statement is required to strip habeas jurisdiction. The court in Damore noted that 1226E actually doesn't say anything about habeas jurisdiction. And in light of that, it bars discretionary determinations. One example of a discretionary determination that is barred is what this court said in Prieto-Romero. And that was the amount of bond. The court said that is a discretionary, that's not a legal question. And that's a discretionary determination for the immigration judge, which a habeas court cannot review. So your position is that the weighing by the district judge, who of course is a delegee of the Attorney General, to weigh the evidence presented by the government about the past criminal conduct of the alien in this case, is not discretionary and 1226E does not apply. Is that correct? If there is a legal standard or constitutional standard, as there is in this case, the decision of whether the evidence presented meets that standard is not a discretionary determination. But it seems to me that you just eat up 1226E, because as we talked about before, at least to me, it's very clear that a substantial part of what the IJ relied upon was absolutely correct and meets the clear and convincing evidence standard. That part is wrong. So I guess my question is, if part of it's wrong, does that mean ipso facto, that there's a constitutional issue, there's no clear and convincing evidence because you've got to have a 100% right? Is that your position? Well, Your Honor, our position is A, that the evidence here did not amount to clear and convincing evidence. And we also state, as the Second Circuit has held, that a clear factual error also amounts to a legal error. Any factual error? No, a clear factual error, right? So let's say you've got 10 things. Let's say nine are absolutely right and you've got one that's absolutely wrong. Is that enough under the Second Circuit ruling to produce an error? So this court has articulated, the government has not argued that these errors are harmless. This court has, I believe, actually in Singh itself, there were some evidentiary disputes and this court said that's essentially harmless, that wouldn't have affected the outcome. But the errors here were not harmless. They related to his only conviction in well over a decade. It really was a centerpiece of the court's determination. And if you read the 2013 conviction, it did not involve trafficking. And again, there's no question that the 2013 conviction did not involve trafficking. I mean, the I.J. repeated the words traffic or trafficking six times in the decision. And so I think by the I.J.'s, the own terms of the I.J.'s decision, that was a very critical factor. So I don't think it was harmless. But with respect, could he not have been referring to the 2001 period where in fact there was trafficking involved? So, except for the I.J. made clear that the convictions in the plural showed trafficking. Okay. So he's wrong about part of it. But the reality is, this is a guy who's been involved in the criminal system since 1994, where he had theft and a bunch of other stuff. He just been involved in criminal activity all along. Under the case law, isn't the I.J. entitled to look at the totality of the evidence on the record and look at that in determining whether or not this person is a danger to the community? It seems to me you're saying, yeah, they can do that. But boy, if they get anything wrong, bingo, you're out. Well, no, your honor, because Singh says that distant convictions cannot alone shoulder that burden. Right. And again, there was a seven year period where Mr. Freyhot was free from immigration detention from 2008 until 2016. And this was the only conviction sustained in that period. We don't dispute that the past convictions were serious, but in order to shoulder the burden of clear and convincing evidence of current dangerousness, the 2013 conviction was critical to the I.J.'s ruling. Do you want to say the rest of your time you're down to 240?  Very well. Let's hear it from the government. Good morning. Good morning. May it please the court. My name is Francesca Genova, and I represent the government at Belize in this matter. This court should dismiss this case for lack of a better word. Affirm the district court's dismissal on the merits of the habeas petition in this case. As a preliminary matter, Mr. Freyhot does not contest that he is a member of the Rodriguez class. And the question before this panel is whether he received a bond hearing and bond determination that comported with that class. At the six month mark, he received a determination from the I.J. that the government had met its burden by clear and convincing evidence that he was a danger to the community. You're saying you think he stipulated to that? That he was a member of the Rodriguez class. Okay, but you're not saying he stipulated to the very thing his counsel said he doesn't agree with, right? No, of course not. But that claim, the due process claim associated with Rodriguez, that's not subject to 1226E, is it? He's asserting a constitutional claim that the regime under which he is being detained violates his due process rights and that he's entitled to consideration of the length of his detention. And you said at the outset the whole case should be dismissed for lack of jurisdiction, but it seems to me that wouldn't be subject to 1226E. To the extent that he is attempting to make a constitutional claim about the length of detention, the IJ should consider that, he is a member of the Rodriguez class. And as a member of that class, that litigation is ongoing and this court specifically declined to determine the constitutional issues in that class, remanding it to the district court in the Central District of California to hash out those issues. So to the extent that he does allege any constitutional issues, that's not proper for this panel to consider because he is a member of that class and that is getting worked out through that litigation. And do you, I mean, is there any authority for the proposition that that sort of class action can preclude an individual person who's, he's an individual in custody asserting, bringing a habeas petition under 2241 and saying, you know, I should not be in custody because this is violating my constitutional rights. Is there any authority for the proposition that the existence of some other class action can preclude him from bringing that? Well, in general, because that class is a 23B2 class, there is no availability of opt-outs from the class action for the claims in that class. However, to the extent that he would bring a habeas petition, you know, challenging any particulars that were unrelated to his, that Jennings class, he would be able to bring that in a separate habeas petition. But that's not the claims he's bringing here. The claims he's bringing here are related to that Rodriguez class. But I thought the government's position in the other litigation was that injunctive relief on a class-wide basis in a habeas class is not available. Am I right about that? I believe so. Okay. So, I mean, what, if you win in the Jennings litigation on that, then what happens? Then he gets to come back and file an individual claim? Yes, Your Honor. He would be able to bring an individual claim without any preclusion from, for doing so. The district court in this case explicitly denied, dismissed his habeas claim without prejudice to bring a claim in the future alleging different detention issues. The only issue in this case is the June 2017 Rodriguez determination. I mean, I guess it just seems odd that you're saying that he can't bring the constitutional claims he's trying to bring because they're precluded by this class action that's going on. But your position in the class action is that nobody in that case can get the kind of relief that he's seeking. So we have to, he has to just wait for somebody to decide that you're right in that case. And then he gets to bring his claim. That seems sort of a roundabout way of proceeding. I think to the extent that the government disagrees with the procedure in the Jennings class action, it is still currently ongoing and the injunction is still currently in place. So even though the government may challenge that to the extent that the injunction still applies in this case, it just, it applies in this case to him. So whatever the government's position is in that case, obviously doesn't affect his current ability to get the injunction in this case, which we do not disagree with. We concede that he's a member of that class. Can I focus your attention slightly away for a moment to get back to what I discussed with your opposing counsel? And that has to do with whether clear and convincing evidence was on the table for the IJ to use to make a determination that this alien was a danger to the community. As opposing counsel has appropriately noted, the IJ clearly got some things wrong when he recited the record of the alien in this case. He got some things right, too. What are we to do with that? How does this fit into clear and convincing evidence? Does it have to all be right? Can part of it be right and just have an innocent error? What do we do with that? So first off, the government does not contend that there is an error with describing his prior 2013 conviction as a manufacturing-type conviction, which is an irrelevant portion of the decision. But accepting the premise of your argument, this Court has held in Prieto-Romero that a harmless error review applies. And so in this case, to the extent that Your Honor would agree that the district court relied on information and came to a right determination, obviously that would mean that the decision would meet that standard. So what portion of the information would the IJ have to get wrong for a harmless error to disappear? We just look at its effect on his release? What would we look at? I think that the question would be whether there's a material, unequivocal error, a factual error, clear error review that would have the material effect of being, you know, the sole determined... excuse me, determining factor for the outcome in the bond determination. In this case, if I understand their position correctly, they say, look, you know, we admit that 1994 and 2001, there were some serious problems here, but 2013 wasn't that much a big deal and it certainly didn't... was not what the IJ said it was. And he was under supervised release and he had to have checks for use of controlled substances and the like, and he'd gone for an extended period of time with a clean record. How could that not be a material mistake in this case? In other words, how does harmless error apply in this situation? Because the IJ did not... in making his determination that he had had a series of crimes, explicitly said that because he was in prison, for instance, for two years, it meant that he could not have shown proof of rehabilitation. It did not use any, you know, alleged error as basis for his determination. And the IJ could consider and, you know, very well could have considered in this case that the mere fact that he didn't violate probation is not the same thing as showing clear proof of rehabilitation. So you think, in effect, that he has to come up with clear and convincing evidence that he's rehabilitated. Is that your position? No, the position isn't that he needs to provide clear and convincing evidence, but the evidence in this case is that there's no proof of rehabilitation on the record and he provided nothing to claim rehabilitation other than this inference that is supposed to be derived from the fact that he did not violate probation. And the government submits that not violating probation is not the same thing as being rehabilitated. And I think that the IJ was acting well within his discretion to do so, and to the extent that this court would delve into the factual determination there, that would be improper according to 1226E. Do you have any case law that would back up that position? So under... in Hernandez v. Sessions, this court has stated that a review of constitutional legal error must be colorable, meaning it must have some legal validity. And in Gutierrez-Chavez v. INS, this court has said that habeas is not available in a decision that the government had came to, um... and... and unwise yet unlawful... yeah, unlawful decision. My apologies. Um... So, uh... again, as your honors were mentioning earlier, there were two decisions in this case. He determined first that at a minimum that this person suffered from a meth addiction that caused him to commit collateral crimes. That decision, um... is proper and is not properly revealable before this court that that meets clear and convincing evidence standard. The second is that he lawfully could determine that committing... he was involved in trafficking-type offenses looking to the original charge. Because in this case, he originally was charged with possession for sale, which he then pleaded down to transport. And the I.J. can, under the matter of GARA factors, which this court has upheld as the proper standard for the I.J., could look at that charging document and determine that, uh... more likely than not, he was involved in trafficking-type crimes. That's where we get into the, um... weighing of evidence, right? Yes. Okay. And it's the government's position under 1226E that if we're doing that, we don't have jurisdiction. Yes. Correct? In this case.  Um, and so then, turning to the question about, uh, detention length, and as I mentioned, that is currently being litigated before the Rodriguez class. In this case, this court, uh, explicitly upon remand from the Supreme Court, declined to, uh, make that constitutional decision in the first instance, remanding that back to the district court. Um, however, there's no requirement in the Rodriguez injunction that he, um, is currently subject to to consider detention length or to aggregate detention length. So, um, and the petitioner cites no cases for the proposition that aggregation of detention length is a requirement in determining length of detention under the Rodriguez class. And-and if he were... I mean, I'm not sure this is quite the argument that you were making, but if he were making the argument, you know, I have been detained so long that, um, you know, my prior conduct may have indicated that I was dangerous once, but it's now been such a long time that one should infer that I'm no longer dangerous. Um, under, uh, 1003.19, he could come in and say this is a changed circumstance and he'd be able to get a hearing under the regulations if that were the claim. Is that right? Uh, he's able to get a-a, um, changed circumstance bond hearing if there has been a material change, I think, in detention status for-for any number of reasons. Um, I do not believe that in-in this case he was denied a bond hearing just based on length of detention. However, I'm not sure if he made an argument about his dangerousness, you know, because of length of time and whether that would be something the I.J. would consider. But, but I mean, did you... Well, that's the question, is what is the government's position on whether that sort of argument falls within the regulation and then you're saying you're-you're not sure if the I.J. would accept that or not? Unfortunately, I'm-I'm just not aware of-of what the I.J. would consider. What do we do with the fact that, indeed, I'm not even sure it's before us, but as I understand that this petitioner actually had a 2019, uh, bond hearing and he was, again, denied release based upon his dangerousness to the community. What impact, if any, should that have on our deliberation? My understanding is that the 2019 was a denial of-of a bond redetermination under that CFR, the, um, uh... My colleague was referring to. Yes, um, but, yeah, he-he is continuing to receive his-his process and, um, he is able to- Do you think the fact that he had a 2019 bond hearing is per se evidence that he's received a process? I-I-I think the-the fact that he has continued to receive a bond, you know, he has received bond hearings. The government has borne its burden by clearing convincing evidence under the Rodriguez injunction and that his petition for review has been getting litigated through this court expeditiously shows that he has been receiving, um, the process to which he is entitled and even more so because the Rodriguez injunction is broader than what the Constitution requires. Um, is there any further question? Do either of my colleagues have? I think not. Okay, uh, thank you, Your Honor. Um, for the following reasons, um, this court should dismiss this case for lack of jurisdiction under 1226E and, uh, affirm the district or affirm the district court's dismissal on the merits. Thank you. All right, Counsel, you got a little time here. Thank you, Your Honors. Um, I would first like to just clarify a factual point and that's regarding the 2019 denial of a bond hearing. So Mr. Freyhout requested a bond hearing and the IG denied it. This was in our motion, uh, for judicial notice is discussed in, uh, footnote 11 of a reply brief. The IJ said in, uh, in clear language, uh, the fact that he's been additionally detained for another two years does not constitute changed circumstances. Okay, so you're saying he didn't actually have a 2019 bond hearing, just requested one and that was denied. And he got a written denial, yes. Um, your Honor, um, I would just use the remainder of my time, um, to address the point, um, uh, that these errors were harmful and that they were likely to affect the immigration judge's determination. Um, the immigration judge said there was no proof of rehabilitation. The immigration judge did not say, well, I don't think that this probation is quite enough, um, but, but the IJ said there was no proof of rehabilitation. I mean, that, that was an error. I, I, let, let me ask you this. Uh, I, I take your point that the fact that he had been under supervised release, I assume, and had had no reported, um, recidivism, does that constitute proof of rehabilitation per se? Particularly, yes, and particularly in light of the fact that the conditions included drug testing and drug classes. I, I mean, I, I honestly, that, that's perhaps some of the best proof of rehabilitation I think that you could show. That you were being closely watched and monitored for any relapses and you did not. Uh-huh. So that could, I suppose, count as one, another error from your perspective. Absolutely it counts as an error. And, and your Honor, I mean, I, I think the question is, you know, could this have affected or, or, or, or might this affected, might this have affected the IG's decision? And, and by the IG's, the, the admittedly serious convictions were, I think it affected and I would say, you know, we contend that the evidence here did not present clear and convincing evidence. Um, but I think as this court did in Singh, this court could also say if, if it determines that there were errors would, were made, could remand for a bond hearing unaffected by those errors. I, I guess what I struggle with is, is this counsel. I, I truly do take your point. There, there were some errors made here. But when somebody pleads guilty or is convicted, that's clear and convincing evidence of whatever it was they were convicted  The problem here is that the judge misdescribed some of it. And that's what I struggle with. Yes. Are we reweighing the evidence to make that determination? No, I don't think so. And I would just point out, I see my time is up. Particularly in light of the erroneous finding that there was no proof of rehabilitation. I think that, that is particularly clear in this case. Um, and so I think this court should either grant the, grant the habeas petition or in the alternative remand for a bond hearing unaffected by these errors. Okay. Thank you. Thank you both for your argument. Thank you. Any other questions by my colleague? I think not. Okay. This case, case disargued, is submitted.
judges: Fernandez, M. Smith, Miller